# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | | |
|---|---|---|
| WILLIE MAE DANNER, | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| v. | } | **Case No.: 7:12-CV-02391-RDP** |
| | } | |
| SUMTER COUNTY BOARD OF | } | |
| EDUCATION, et al., | } | |
| | } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION

Before the court is Defendants' Sumter County Board of Education and Katie Jones-Powell's Motion to Dismiss (Doc. #9), filed on September 28, 2012.  The Motion (Doc. #9) has been fully briefed.  (Docs. #9, #25, #26).  For the reasons outlined below, Defendants' Motion (Doc. #9) is due to be granted in part and denied in part.

## I.  BACKGROUND AND RELEVANT FACTS[1]

Plaintiff initiated this lawsuit by filing an Application Under Section 706(f) of the Civil Rights Act of 1964 on July 5, 2012.  (Doc. #1).  The court directed Plaintiff to file an Amended Complaint, which she did on August 2, 2013.  (Doc. #3).  Plaintiff's Amended Complaint failed to comply with Federal Rules of Civil Procedure 8(a), 8(d), and 10(b).  Additionally, Plaintiff's Amended Complaint was not signed, as required by Federal Rule of Civil Procedure 11(a).  The court directed Plaintiff to file a Second Amended Complaint, which she did on August 21, 2012.  (Doc. #5).  The Second Amended Complaint names three Defendants: (1) Sumter County Board of

---

[1]Unless otherwise indicated, the facts are taken from Plaintiff's *pro se* Second Amended Complaint.  (Doc. #5).

Education; (2) Former Superintendent Fred Primm, III[2]; and (3) Superintendent Katie Jones-Powell. (*Id.*).  Plaintiff alleges Defendants discriminated and retaliated against her in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.*[3]

In July 2010, Plaintiff applied for the position of K-8 principal of Livingston Junior High School.  For nine years prior to this time, Plaintiff served as the K-4 principal of Livingston Elementary School.  Sometime between March and May 2010, Defendant Primm transferred the principal over grades 5 through 8 and left Plaintiff over the entire school.  Defendant Primm told Plaintiff that from then forward one principal would manage the entire K-8 staff.  Defendant Primm told Plaintiff that she "was going to be over the entire school."  On June 24, 2010, Defendant Primm told Plaintiff he was going to advertise for the K-8 principal position because of board policy.  Defendant Primm again told Plaintiff that she would "be over the whole school."  Also on June 24, 2010, Defendant Primm showed Plaintiff an advertisement for the position.  Among others, one qualification for the position was that the candidate must  have met the requirements to obtain an Administration in Educational  Leadership Certification.  Plaintiff's certification was not printed on her certificate at the central office,  but Defendant Primm told her that her certification was not an issue.  Plaintiff then submitted  documentation to correct her certificate at the central office.

---

[2]Defendant Primm is now the Superintendent of the Bessemer City School System.

[3]Plaintiff's Second Amended Complaint does state that the action is also brought pursuant to Title VII of the Civil Rights Act of 1964.  However, where asked to designate the specific type of discrimination that Defendants engaged in, Plaintiff only indicated "age" and "retaliation."  Further, during a telephone conference on December 6, 2012, Plaintiff confirmed the only claims she is asserting against Defendants are age discrimination and retaliation under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.*  This information is reflected in the court's order issued that same day.  (See Doc. #28).  Therefore, the court only considers Plaintiff's age discrimination and retaliation claims.

Plaintiff interviewed for the position before a panel comprised of the following individuals: (1) Bobbie-Pope Dubose, Testing Coordinator; (2) Robin Harrison, Third Grade Teacher; (3) Hermania Little, Reading Coordinator; (4) Jackie Harris, Parent; (5) Monique Deavers, Seventh and Eighth Grade Science Teacher; and (5) Defendant Primm.  Defendant Primm told Plaintiff she had performed well during the interview but subsequently told the panel members to rate Plaintiff lower that Cynthia Jemison ("Jemison"), a younger candidate.  Plaintiff requested but was not provided a copy of her interview score sheet.

Sometime after her interview in July 2010, before school started that August, Defendant Primm told Plaintiff that if she got the job, she would "owe [him] big time."  Plaintiff did not respond to this comment.  On July 27, 2010, Defendant Primm visited Plaintiff in her office and told her that he planned to recommend someone else to fill the position of K-8 principal at Livingston Junior High School.  At that time, Defendant Primm handed Plaintiff a letter stating that he would recommend to the Sumter County Board of Education that Plaintiff's contract be canceled.  During the Sumter County Board of Education meeting on July 27, 2010, the board voted to cancel Plaintiff's contract, which was valid through 2012.

On May 11, 2011, Plaintiff was demoted to serve as a  special education classroom teacher. Plaintiff retired due to health issues she alleges were a result of her treatment by Defendants. Following her dismissal as principal, Plaintiff attempted to secure personal property valued at over $20,000 from the school.  Jemison, who was selected for the K-8 principal position, cut locks off Plaintiff's resource room cabinets, changed locks on the doors leading to her old office, removed personal items from Plaintiff's old office, and "trashed [her] office while [she] was still officially the

K-4 principal of the school." Plaintiff was able to retrieve most of her personal furniture; however, her educational items and other personal property have not been recovered.

Defendants' Motion to Dismiss seeks dismissal of Plaintiff's retaliation claim against all Defendants.[4] Further, Defendant Jones-Powell argues all claims against her in her official capacity should be dismissed. Additionally, Defendant Jones-Powell asserts Plaintiff fails to state a claim against her individually. Plaintiff's response in opposition to Defendant's Motion to Dismiss cites no legal authority but urges the court to allow her to maintain her claims. Defendants' reply to Plaintiff's opposition reiterates their arguments in support of dismissal of the claims as outlined in their original motion.

## II.    STANDARD OF REVIEW

The Federal Rules of Civil Procedure require only that the complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Twombly*, 550 U.S. at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts must accept the allegations in the complaint as true and draw all reasonable inferences in favor the non-moving party. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

---

[4]To be clear, this memorandum opinion only addresses Defendant Sumter County Board of Education and Katie Jones-Powell's Motion to Dismiss. (Doc. #9). Defendant Fred Primm has filed a separate Motion to Dismiss (Doc. #30), which the court will address in a separate memorandum opinion and order.

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

The Supreme Court has recently identified "two working principles" for a district court to use in applying the facial plausibility standard. First, in evaluating motions to dismiss, the court must assume the veracity of well-pleaded factual allegations; however, the court does not have to accept as true legal conclusions when they are "couched as [] factual allegation[s]." *Iqbal*, 129 S. Ct. at 1950. Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* Application of the facial plausibility standard involves two steps. Under prong one, the court must determine the scope and nature of the factual allegations that are well-pleaded and assume their veracity; and under prong two, the court must proceed to determine the claim's plausibility given the well-pleaded facts. That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Id.* If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Id.*

Additionally, "*pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th

Cir. 2003).  Therefore, "wildly implausible allegations in the complaint should not be taken to be true, but the court ought not penalize the litigant for linguistic imprecision in the more plausible allegations."  *Miller v. Donald*, 541 F.3d 1091 (11th Cir. 2008).

## III.    DISCUSSION

### A.    Plaintiff's ADEA Retaliation Claim

Defendants seek dismissal of Plaintiff's ADEA retaliation claim for failure to state a claim upon which relief can be granted.  To establish a *prima facie case* of retaliation under the ADEA, Plaintiff must present evidence that (1) she engaged in statutorily protected expression; (2) the employer took action that would have been materially adverse to a reasonable employee; and (3) there was some causal relation between the two events.  *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001).  Defendants assert that Plaintiff has failed to establish the first element of a *prima facie* case.  Specifically, Defendants claim that Plaintiff did not engage in statutorily protected expression.  Although Plaintiff certainly could have stated her claim in a more direct manner, the court must construe Plaintiff's liberally, and doing so leads the court to conclude her ADEA retaliation claim survives a Rule 12(b)(6) motion to dismiss.

Plaintiff has established the first element of her retaliation claim.  "Statutorily protected expression" includes opposing an unlawful employment practice.  *Rogers-Libert v. Miami-Dade Cnty.*, 184 F. Supp. 2d 1273, 1285 (S.D. Fla. 2001) (citing *Clover v. Total Sys. Servs., Inc.*, 176 F.3d 1346, 1351 (11 th Cir. 1999). "Significantly, the employer's practice, which a plaintiff opposes does not in fact have to be unlawful under the ADEA; rather, the employee need only have a 'reasonable belief' that the employer's practices are discriminatory."  *Brook v. City of Montgomery, Ala.*, 916 F. Supp. 1193,  1209 (M.D. Ala. 1996) (citing *Coleman v. Wayne State Univ.*, 664 F. Supp. 1082, 1092

6

n.5 (E.D. Mich. 1987)); *see also Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002) (plaintiff must show she "had a good faith reasonable belief that the employer was engaged in unlawful employment practices").

Here Plaintiff asserts that Defendants retaliated against her because of her age and her "failure to promote unfair practices in the workplace." (Doc. #5, pg. 5 at ¶6). Plaintiff also states that she "refused to allow the administration to control [her] by forcing [her] to engage in unethical educational issues regarding unfair promotions, terminations, [and] favoritism." (*Id.* at Attachment Count #2). Plaintiff also asserts that Defendants "tend[] to cater to the younger generation." (*Id.*). These factual assertions satisfy the pleading standard required to establish that Plaintiff engaged in statutorily protected activity. To be sure, Plaintiff's description of the activity opposed is somewhat general; however, the court will not penalize Plaintiff "for linguistic imprecision in [this] more plausible allegation[]." *See Miller v. Donald*, 541 F.3d at 1091. Therefore, the court finds Plaintiff has established the first element of a prima facie retaliation case.

Regarding the second element of her *prima facie* case, Plaintiff must show a reasonable employee would have found her employer's conduct materially adverse. *Shannon v. Postmaster Gen of the United States*, 335 Fed. Appx. 21, 26 (11th Cir. 2009). This requirement relates to the rule that an adverse employment action is one that "clearly might deter a reasonable employee from pursuing a pending charge of discrimination or making a new one." *Crawford v. Carroll*, 529 F.3d 961, 974 (11th Cir. 2008). Plaintiff alleges she was terminated from her position as principal at Livingston K-4 and was not hired for the K-8 principal position, constituting adverse employment actions. Termination or failure to hire constitute adverse employment actions. *See e.g., Wideman v. Wal-mart Stores, Inc.*, 141 F.3d 1453, 1455-56 (11th Cir. 1998); *Israel v. Sonic-Montgomery*

*FLM, Inc.,* 231 F. Supp. 2d 1156, 1160 (M.D. Ala. 2002).  Thus, Plaintiff has established the second element of a *prima facie* case of retaliation under the ADEA.

Plaintiff has also sufficiently pleaded the third element of this *prima facie* case.  "To establish a causal connection, a plaintiff must show that the decision-makers were aware of the protected conduct and that the protected activity and the adverse action were not wholly unrelated." *Gupta v. Fla. Bd of Regents*, 212 F.3d 571, 590 (11th Cir. 2000).  In other words, Plaintiff must establish that Defendants were aware that she had opposed employment practices favoring younger individuals over those who fell within protection of the ADEA.  Plaintiff states that Defendants "had successfully terminated, transferred or reassigned all of the older administrators" and that they retaliated against her for "her failure to promote unfair practices in the workplace."  Again, although not stated as precisely as possible, the court liberally construes these allegations, as it must, and finds that Defendants were aware Plaintiff had engaged in protected activity.  Additionally, Plaintiff claims Defendants terminated her contract  as a result her opposition to unfair employment practices.  Thus, Plaintiff has established that she engaged in protected activity, and the adverse action she suffered was not wholly unrelated to that activity.

Mindful of the liberal construction the court must apply to Plaintiff's *pro se* Second Amended Complaint, the court finds Plaintiff has sufficiently alleged facts that establish a prima facie case of retaliation under the ADEA[5] against Defendant Sumter County Board of Education.[6]

---

[5]Of course, the court need not–and does not–address whether Plaintiff can present substantial evidence of retaliation.  The court expects the issues related to this claim will be fleshed out through discovery.

[6]As will be discussed in Part III.B., *infra*, all of Plaintiff's ADEA claims against Defendant Jones-Powell are due to be dismissed.

### B.      Plaintiffs Individual and Official Capacity Claims Against Defendant Jones-Powell Are Due to be Dismissed

Plaintiff's individual and official capacity claims against Defendant Jones-Powell for discrimination and retaliation under the ADEA are due to be dismissed.  First, regarding the individual capacity claims, the Eleventh Circuit has refused to recognize individual capacity claims under the ADEA.  *Albra v. Advan, Inc.*, 490 F.3d 826, 803 (11th Cir. 2008); *see also Smith v. Lomax*, 45 F.3d 402, 404 n. 4 (11th Cir. 1995) (individuals "cannot be held liable under ADEA or Title VII"); *Griswold v. Ala. Dept. of Indus. Relations*, 903 F. Supp. 1492 (M.D. Ala. 1995) (dismissing individual capacity ADEA claims against individual supervisors).  Because Defendant Jones-Powell cannot be liable in her individual capacity for ADEA violations, Plaintiffs individual capacity claims against Defendant Jones-Powell are due to be dismissed.  *See e.g.*, *Albra*, 490 F.3d at 803.

Plaintiff's official capacity claims against Defendant Jones-Powell are also due dismissed. An official capacity suit represents only another way of pleading an action against the entity for whom the agent was acting.  *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *see also Busby v. City of Orlando*, 931 F.2d 7664, 776 (11th Cir.  1991) ("Because suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent, there no longer exists a need to bring official-capacity actions against local government officials, because local government units can be sued directly.").  Thus, official capacity suits against employees can be dismissed as redundant where the employer is a properly named defendant.  *Bahadirli v. Domino's Pizza*, 873 F.  Supp. 1528, 1534 (M.D. Ala. 1995).  Because the Sumter County Board of Education is a properly named defendant under the ADEA, the court finds that Plaintiff's claims against Defendant Jones-Powell in her official capacity are due to be dismissed.

**IV.    CONCLUSION**

For the reasons stated above, Plaintiff's ADEA retaliation claim against Defendant Sumter County Board of Education will not be dismissed on the pleadings.  However, Plaintiff's individual and official capacity claims against Defendant Jones-Powell will be dismissed with prejudice.  A separate order consistent with this memorandum opinion will be entered.

**DONE** and **ORDERED** this _____26th_____ day of February, 2013.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

10