# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **WILLIE MAE DANNER,** } | |
| } | |
|     **Plaintiff,** } | |
| } | |
| v. } | **Case No.: 7:12-CV-02391-RDP** |
| } | |
| **SUMTER COUNTY BOARD OF** } | |
| **EDUCATION, et al.,** } | |
| } | |
|     **Defendants.** } | |

## MEMORANDUM OPINION

Before the court is Defendant's Fred Primm's Motion to Dismiss (Doc. #30), filed on December 26, 2012. The Motion (Doc. #30) has been fully briefed. (Docs. #30, #32, #33). For the reasons outlined below, Defendant's Motion (Doc. #30) is due to be granted.[1]

**I.    BACKGROUND AND RELEVANT FACTS**

Plaintiff brings this action pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq*.[2] A discussion of the Rule 12(b)(6) facts relevant to this case can be found in the court's Memorandum Opinion on Defendants Sumter County Board of Education and Katie Jones-Powell's Motion to Dismiss. (Doc. #34 at 1-4).

---

[1] To be clear, this memorandum opinion only addresses Defendant Fred Primm's Motion to Dismiss. (Doc. #30). The court has already considered Defendants Sumter County Board of Education and Defendant Katie Jones-Powell's Motion to Dismiss (Doc. #9) in a separate memorandum opinion and order. (*See* Docs. #34, #35).

[2] Plaintiff's Second Amended Complaint does state that the action is also brought pursuant to Title VII of the Civil Rights Act of 1964. However, where asked to designate the specific type of discrimination that Defendants engaged in, Plaintiff only indicated "age" and "retaliation." Further, during a telephone conference on December 6, 2012, Plaintiff confirmed the only claims she is asserting against Defendants are age discrimination and retaliation under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq*. This information is reflected in the court's order issued that same day. (*See* Doc. #28). Therefore, the court only considers Plaintiff's age discrimination and retaliation claims.

**II.     STANDARD OF REVIEW**

The Federal Rules of Civil Procedure require only that the complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Twombly*, 550 U.S. at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts must accept the allegations in the complaint as true and draw all reasonable inferences in favor the non-moving party. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id*. A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

The Supreme Court has recently identified "two working principles" for a district court to use in applying the facial plausibility standard. First, in evaluating motions to dismiss, the court must assume the veracity of well-pleaded factual allegations; however, the court does not have to accept as true legal conclusions when they are "couched as [] factual allegation[s]." *Iqbal*, 129 S.

Ct. at 1950. Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* Application of the facial plausibility standard involves two steps. Under prong one, the court must determine the scope and nature of the factual allegations that are well-pleaded and assume their veracity; and under prong two, the court must proceed to determine the claim's plausibility given the well-pleaded facts. That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Id.* If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Id.*

Additionally, "*pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). Therefore, "wildly implausible allegations in the complaint should not be taken to be true, but the court ought not penalize the litigant for linguistic imprecision in the more plausible allegations." *Miller v. Donald*, 541 F.3d 1091 (11th Cir. 2008).

**III.   DISCUSSION**

Defendant Primm's Motion to Dismiss adopted and incorporated Defendants Sumter County Board of Education and Katie Jones-Powell's Motion to Dismiss and also seeks dismissal of Plaintiff's ADEA discrimination claim for failure to state a claim upon which relief can be granted. The court need not address all of these legal arguments because Defendant Primm cannot be liable in either his individual or official capacity for Plaintiff's ADEA claims.

First, regarding the individual capacity claims, the Eleventh Circuit has refused to recognize individual capacity claims under the ADEA. *Albra v. Advan, Inc.*, 490 F.3d 826, 803 (11th Cir. 2008); *see also Smith v. Lomax*, 45 F.3d 402, 404 n. 4 (11th Cir. 1995) (individuals "cannot be held

3

liable under ADEA or Title VII"); *Griswold v. Ala. Dept. of Indus. Relations*, 903 F. Supp. 1492 (M.D. Ala. 1995) (dismissing individual capacity ADEA claims against individual supervisors). Because Defendant Primm cannot be liable in his individual capacity for ADEA violations, Plaintiffs individual capacity claims against Defendant Primm are due to be dismissed. *See e.g.*, *Albra*, 490 F.3d at 803.

Second, Plaintiff's official capacity claims against Defendant Primm are also due dismissed. An official capacity suit represents only another way of pleading an action against the entity for whom the agent was acting. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *see also Busby v. City of Orlando*, 931 F.2d 7664, 776 (11th Cir. 1991) ("Because suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent, there no longer exists a need to bring official-capacity actions against local government officials, because local government units can be sued directly."). Thus, official capacity suits against employees can be dismissed as redundant where the employer is a properly named defendant. *Bahadirli v. Domino's Pizza*, 873 F. Supp. 1528, 1534 (M.D. Ala. 1995). Because the Sumter County Board of Education is a properly named defendant under the ADEA, the court finds that Plaintiff's claims against Defendant Primm in his official capacity are due to be dismissed. *Bahadirli*, 873 F. Supp. at 1534.

### IV.   CONCLUSION

For the reasons stated above, Plaintiff's ADEA discrimination and retaliation claims against Defendant Primm are due to be dismissed. An order consistent with this memorandum opinion will be entered.

**DONE** and **ORDERED** this   28th   day of February, 2013.

                              **R. DAVID PROCTOR**
                              UNITED STATES DISTRICT JUDGE